Beilal Chatila, SBN 314413
Chatila Law, LLP
3645 W. Atwater Avenue
Fresno, CA 93711
Office: (888) 567-9990
Facsimile: (888) 509-2870
email: chatilalaw@gmail.com

Attorneys for Plaintiff,
**CARLOS PENA**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS PENA, an individual, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF THE AMERICAN WITH DISABILITIES ACT; UNRUH CIVIL RIGHTS ACT** |
| vs. | |
| MOTAHAR MOTAHAR dba SMOKE HIGH, a California fictitious named business entity and DOES 1-10, inclusive, | |
| Defendants. | |

Plaintiff CARLOS PENA ("Plaintiff') complains of Defendants MOTAHAR MOTAHAR dba SMOKE HIGH, (Smoke High") is California business entity; and DOES 1-10, inclusive, and each of them, and alleges as follows:

1.  **INTRODUCTION:** The Americans with Disabilities Act ("ADA") was enacted over twenty-five years ago, establishing the most important and comprehensive civil rights law for persons with disabilities in our country's history. One of the principal goals of the ADA is the integration of people with disabilities into the country's economic and social life. (42 U.S.C.

1

12101 (a)). Despite this long-standing mandate, Defendants - the owners, operators, lessors, and lessees of the business, property, buildings, parking lots, and/or portions thereof located at or about 2932 N. Wilson Way, Stockton, CA 95205, fictitiously known as SMOKE HIGH ("Store") have failed to provide disabled individuals with full and equal access to their goods and services in violation of the ADA by constructing, altering, and/or failing to remove architectural barriers that prevent persons who use wheelchairs from using and enjoying their facilities in as full and equal manner as able-bodied persons. In so doing, Defendants have also violated California civil rights laws including Health and Safety Code §§ 19955 et seq.; the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §51 et seq., and the Disabled Persons Act, Cal. Civ. Code §54 et seq.

2. As a result of Defendants' discriminatory acts and omissions, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be prevented and deterred from accessing and using Defendants' goods, services and facilities to the same extent as, and in a manner equal to, his able-bodied peers. Through this lawsuit, Plaintiff seeks injunctive relief to require Defendants to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to use these facilities will be provided accessible facilities. Plaintiff also seeks recovery of damages for his physical, mental and emotional injuries, and his discriminatory experiences and denial of access and of civil rights, which denial is continuing as a result of Defendants' failure to provide disabled accessible facilities. Plaintiff also seeks recovery of reasonable statutory attorneys' fees, litigation expenses and costs, under federal and state law.

**JURISDICTION**

3. This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC §§ 12101 et seq. Pursuant to

2

pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of Health & Safety Code §§ 19953-19959; California Civil Code §§ 51, 52, 54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations.

**VENUE**

4. Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

**PARTIES**

5. Plaintiff CARLOS PENA is and at all times relevant herein was, a qualified individual with a physical "disability" as defined under Department of Justice regulation 28 C.F.R. § 36.104 and California Government Code § 12926. Plaintiff is a paraplegic who is unable to independently stand or walk, and requires the use of a wheelchair at all times for mobility. Plaintiff is unable, due to his physical disability, to independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate disabled persons who require a wheelchair for mobility. Plaintiff possesses a disabled parking placard issued by the State of California.

6. Defendant MOTAHAR MOTAHAR dba SMOKE HIGH is and all times relevant herein was, an individual doing business in San Joaquin County, California.

7. Defendant Motahar Motahar, on information and belief, is the owner of the commercial real property located in in San Joaquin County, California.

8. Plaintiff alleges causes of action against Defendants, Motahar Motahar dba Smoke High, and each of them, and alleges as follows: Defendants are the owners, operators, lessors, and lessees of the business, property, buildings, parking lots, and/or portions thereof

referred to as Smoke High located at or about 2932 N. Wilson Way, Stockton, California 95205 ("The Store"). The Store, walkways and adjacent parking facilities are each a "public accommodation" and "business establishment" subject to the requirements of § 301 (7) of the Americans with Disabilities Act of 1990, of California Health & Safety Code §§ 19953 et seq., and of California Civil Code §§ 51 et seq. and 54 et seq. On information and belief, these facilities have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code §§19955-19959 et seq., and, as to alterations since January 26, 1993, to the disabled access requirements of § 303 of the Americans with Disabilities Act of 1990. Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans With Act of 1990, as defined by ADA § 301(9).

9.  The true names and capacities of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes that each of the Defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to Plaintiff; Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

## FACTUAL STATEMENT

10. At all times mentioned herein, Plaintiff was and is a qualified disabled person due to paraplegia. Plaintiffs disabilities require him to use a wheelchair for mobility. On March 24, 2024, and April 3, 2024, Plaintiff visited the Store to purchase some needed items.

12. The Store is a facility open to the public, a place of public accommodation, and a business establishment.

13. Unfortunately, on each of the dates the plaintiff attempted to visit the

establishment, the defendants failed to provide wheelchair accessible handicap parking in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

14. Plaintiff believes that there are other features of the paths of travel that likely fail to comply with the ADA Standards and seeks to have fully compliant paths of travel available for wheelchair users.

15. On information and belief, the defendants currently fail to provide wheelchair accessible paths of travel.

16. Additionally, the concrete through the parking lot is cracked throughout, unlevel and poses a dangerous threat of personal injury to a person using a wheelchair.

17. The entry door floor panel is not SADA compliant and has a rug covering the entrance as a bandage for the problem.

18. transaction counters are one of the facilities, privileges, and advantages offered by Defendants to patrons of The Store.

19. The transaction counter at The Store was more than 36 inches in height.

20. There was no lowered 36-inch portion of the transaction counter at The Store for use by persons in wheelchairs.

21. Currently, the transaction counter at The Store is more than 36 inches in height.

22. Currently, there is no lowered, 36-inch portion of the transaction counter at The Store for use by persons in wheelchairs.

23. Paths of travel are another one of the facilities, privileges, and advantages offered by Defendants to patrons of The Store.

24. Defendants have failed to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities at the Subject Property.

25. Plaintiff personally encountered these barriers each time he attempted to visit the facility.

26. This inaccessible facility denied the plaintiff full and equal access and caused him difficulty, discomfort, and embarrassment.

27. Plaintiff, who lives in the area plans to return and patronize The Store but is deterred from visiting until the defendants remove the barriers.

28. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

29. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

30. Another common barrier removal project is modifying transaction counters to make a portion of the counter accessible. This is a simple construction task, well within the capabilities of any general contractor. The task can be completed easily and for a modest price

31. Plaintiff is deterred from returning and patronizing The Store because of his knowledge of the barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize The Store as a customer once the barriers are removed.

32. Given the obvious and blatant nature of the violations and barriers alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on

notice that the plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

33. These barriers to access render the premises inaccessible to and unusable by physically disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

34. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action, infra, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code 54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code 54.3.

## FIRST CAUSE OF ACTION
### DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION
**(California Health & Safety Code §§ 19955 et seq., Civil Code § 54 et seq.)**

35. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 33, above, and incorporates them herein by reference as if separately repled hereafter.

36. Plaintiff CARLOS PENA and other similarly situated physically disabled persons, including those who require the use of a wheelchair, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §§ 19955 et seq. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §§ 19955 et seq.

37. Health & Safety Code §§ 19955 and 19955.5 were enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code." On information and belief, the provisions of both Health and Safety Code §§ 19955 and 19955.5, apply to the subject facilities. Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each construction and alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such new construction or "alteration, structural repair or addition" was carried out. On information and belief, Defendants and/or their predecessors in interest carried out construction, alterations, structural repairs, or additions to such buildings, walkways, parking areas, and facilities during the period Title 24 has been in effect. Further, Plaintiff alleges that construction, alterations, structural repairs, and/or additions which triggered access requirements at all relevant portions of the facilities, also occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code §§ 4450 et seq.

38. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled, including but not limited to wheelchair users, from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires the use of a wheelchair for movement in public places.

Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve full and equal access to and use of these public facilities, and cannot return to use these facilities until they are made properly accessible to disabled persons. Plaintiff alleges that he intends to do so, once legally required access has been provided. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to all areas of the premises that he personally encountered. Further, as to all areas identified before or during this litigation by Plaintiff's access consultant, that Plaintiff or other physically disabled persons may encounter in the future (under Doran v. 7-Eleven, Inc. 524 F.3d 1034 (9th Cir. 2008), Chapman v. Pier one Imports (USA), Inc., 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases)), Plaintiff prays leave to amend this complaint to obtain injunctive relief. As to those of the Defendants that currently own, operate, and/or lease (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny equal access for disabled persons, and for reasonable statutory attorneys' fees, litigation expenses and costs.

45.     Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the respects complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Health & Safety Code 19953, and other law. Plaintiff further requests that the Court award damages pursuant to Civil Code 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code 19953, Civil Code 54.3, Code of Civil Procedure 1021.5 and other law, all as hereinafter prayed for.

46.     **DAMAGES:** As a result of the denial of equal access to the facility and due to the acts and omissions of Defendants and each of them in owning, operating, leasing, constructing altering, and maintaining the subject facilities, Plaintiff suffered numerous violations of his civil rights, including but not limited to rights under Civil Code 54 and 54.1, and suffered physical, mental and emotional personal injuries, all to his damages per Civil Code 54.3, including general and statutory damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against Plaintiff on the sole basis that he was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the Defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.

47.     At all times herein mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that their barriers and practices at their subject facilities violated disabled access requirements and standards, and had a discriminatory affect upon Plaintiff and upon other physically disabled persons, but Defendants have refused to rectify the violations, an presently continue a course of conduct in maintaining architectural barriers that discriminate against Plaintiff and similarly situated disabled persons.

48.     **FEES AND COSTS:** As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorneys' fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiffs rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorneys' fees, litigation expenses, and costs, pursuant to the provisions of Civil Code 54.3, and California Health & Safety Code 19953. Additionally, Plaintiffs lawsuit is intended to require that Defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorneys' fees, litigation expenses

and costs pursuant to the provisions of California Code of Civil Procedure 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

## SECOND CAUSE OF ACTON
## VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITY ACT AS INCORPORATED BY CIVIL CODE SECTION 51(F)

49. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 48 of this Complaint and incorporates them herein.

50. At all times relevant to this complaint, California Civil Code 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

"All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever. Cal. Civ. C. 51(b)."

51. California Civil Code § 52 provides that the discrimination by Defendants against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provision of §§ 51 and 52.

52. Defendants' discrimination constitutes a separate and distinct violation of California Civil Code § 52, which provides that:

Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a

maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

53. Any violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action) constitutes a violation of California Civil Code 51(f) thus independently justifying an award of damages and injunctive relief pursuant to California law. Per 51 (f), "A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

54. The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code §§ 51 and 52. As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code §§ 51 and 52.

55. **FEES AND COSTS:** As a result of Defendants' acts, omissions and conduct, Plaintiff has been required to incur attorneys' fees, litigation expenses and costs as provided by statute in order to enforce Plaintiffs rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorneys' fees, litigation expenses and costs pursuant to the provisions of California Civil Code §§ 51 and 52. Additionally, Plaintiffs lawsuit is intended to require that Defendants make their facilities and policies accessible to all disabled members of the public, justifying "public interest" attorneys' fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays the Court grant relief as requested herein below.

### THIRD CAUSE OF ACTON:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

**42 USC §§ 12101 et seq.**

56. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 55 of this Complaint and incorporates them herein.

57. In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." [42 USC 512101].

58. In passing the American with Disabilities Act of 1990 (hereinafter "ADA", Congress stated as its purpose:

It is the purpose of this Act:

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities. (Emphasis added) 42 USC §12101(b).

59. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181 et seq.). The subject property and facility is one of the private entities" which are considered "public accommodations" for purposes of this title, which includes, per § 301 (7)(E), "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment."

60. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 USC 12182. The specific prohibitions against discrimination included, but were not limited to the following:

§ 302(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals.

§ 302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities…,"

§ 302(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services…;"

§ 302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers, which are structural in nature, in existing facilities… where such removal is readily achievable;"

§ 302(b)(2)(A)(v): "where an entity can demonstrate removal of a barrier under clause (iv) is not achievable, failure to make such goods, services, facilities, privileges, advantages of accommodations available through alternative methods if such methods are readily achievable."

61. The acts and omissions of Defendants set forth were in violation of Plaintiff's rights under the ADA and regulations promulgated thereunder, 28 CFR Part 36 et seq.

62. The removal of each of the barriers complained of by Plaintiff as herein above alleged, were at all times herein mentioned "readily achievable" un the standards of §§ 301(9) and 302 of the ADA. In that regard, Defendants could have but did not avail themselves of the tax deduction and tax credits provided by Internal Revenue Code § 44 and § 190, which apply to the costs of barrier removal. Furthermore, as hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California. Moreover, on information and belief, construction, alterations, structural repairs or additions since June 26, 1993 have also independently triggered requirements for removal of barriers to access for disabled persons per § 303 of the ADA.

63. On information and belief, as of the dates of Plaintiff encounter at the premises and as of the filing of this Complaint, the premises have denied and continue to deny full and equal access to Plaintiff and to other disabled persons, including wheelchair users, in other respects, which violate Plaintiff's rights to full and equal access and which discriminate against Plaintiff on the basis of his disability, thus wrongfully denying to Plaintiff the full and equal

15

enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 302 and 303 of the ADA. §§ 42 USC 12182 and 12183.

64. On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons access to this public accommodation since on or before Plaintiffs encounters, as previously noted. Pursuant to the ADA, § 308, 42 USC 12188 et seq., Plaintiff is entitled to the remedies and procedures set forth in 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is "a qualified disabled person" who is being subjected to discrimination on the basis of disability in violation of the ADA and has reasonable grounds for believing that he is about to be subjected to discrimination should he return to the subject premises. Pursuant to § 308(a)(2), "In cases of violations of 302(b)(2)(A)(iv) and 303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**PRAYER**

1. Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the subject property and premises to modify the above described property and premises and related facilities to provides full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA § 308(a) and state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law (Note: Plaintiff does not seek any relief under Civil Code § 55).

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages and general damages in amounts within the jurisdiction of the Court, all according to proof;

4. Award to Plaintiff all reasonable statutory attorneys' fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest pursuant to Civil Code § 3291; and

6. Grant such other and further relief as this Court may deem just and proper.

DATED:  June 21, 2024          **CHATILA LAW LLP**

By:  /S/ BEIAL CHATILA
     BEILAL CHATILA
     Attorneys for Plaintiff